IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LITTLEBEAR, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-CV-418-GKF-PJC |
| v. ) | |
| ) | |
| ADVANCED BIONICS, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Motion for Protective Order filed by Defendant Advanced Bionics, LLC. (Dkt. # 22). Plaintiff Paul Littlebear does not dispute the appropriateness of a protective order, but disputes the scope and provisions proposed by Advanced Bionics. The Court has reviewed the terms and conditions of this Protective Order. For the reasons set forth below, the motion is GRANTED; however, the protective order is MODIFIED as described below. The protective order will be entered separately.

*Background*

This case is one of many product liability actions that have been brought against Defendant across the country involving cochlear implants. Indeed, counsel for Plaintiff has been involved in similar litigation against Defendant. According to both parties, hundreds of thousands of documents have already been produced in the other cases, most of which will overlap with this litigation. Protective orders have routinely been entered in these cases without opposition until recently. (*See* Dkt. # 22-3). Even last month, counsel for Plaintiff withdrew opposition of a similar protective order in the Eastern District of Kentucky based upon a ruling by the Northern District of Iowa that Defendant's proposed protective order was justified. (Dkt. # 28-3). In these related cases, Defendant has designated a large portion of its discovery

documents as confidential. (Dkt. # 22, p. 4; Dkt. # 25, p. 1). Despite the numerous protective orders already in place in other jurisdictions involving the same claims and recent court orders from other jurisdictions overruling similar arguments, Plaintiff persists in opposing Defendant's proposed protective order in the case at hand and urges that its less-restrictive proposed protective order be adopted.

*Applicable Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain information concerning "any nonprivleged matter that is relevant to any party's claim or defense." Rule 26(c)(1) provides that upon a showing of good cause, the court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This may include protection of trade secret, or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). The moving party bears the burden of demonstrating "good cause" and requires a particular and specific demonstration of fact as distinguished from conclusory or stereotyped statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564, *1 (N.D. Okla. June 8, 1999). However, the "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation and citation omitted). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *WN Petroleum Corp. v. OK-Tex Oil & Gas Inc.*, 998 F.2d 853, 858 (10th Cir. 1993); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (trial courts have broad discretion in deciding when to issue a protective order and in deciding the appropriate degree of protection).

*Discussion*

Plaintiff sets forth various factual assertions and legal arguments in opposition to Defendant's proposed order, much of which is without any citation to authority and is lacking evidentiary support.[1] This "suggests either that there is no authority [or evidence] to sustain [Plaintiff's] position or that [Plaintiff] expects the court to do its research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970). In addition, most of Plaintiff's authority and legal argument pertains to the public's right to access judicial documents and trial proceedings, which are inapplicable and inapposite to the *discovery* issue at hand. (Dkt # 25, pp. 12-13, 15-16).[2] Pre-trial discovery may produce unrelated or tangentially related information. *Okla. Hosp. Assn. v. Okla. Pub. Co.*, 748 F.2d 1421, 1425 (*citing Seattle Times*, 467 U.S. at 33). The Tenth Circuit has approved the issuance of protective orders, such as the one in this case, to expedite discovery of hundreds of thousands of documents, noting, "[a]t that stage in the litigation, those documents had not been filed with the court and certainly had not satisfied threshold tests of relevancy and admissibility. They therefore were not available to the

---

[1] Many of Plaintiff's delineated categories of argument contain no legal authority. (Dkt. # 25, pp. 8-18). Plaintiff also cites to specific past acts of Defendant in other cases and to numerous documents Defendant allegedly "over-designated" as confidential, but does not include any evidence to support these claims. (Dkt. # 25, p. 9-10). In contrast, Defendant has submitted evidence showing that when another plaintiff challenged many designations, the court upheld most of the designations. (Dkt. # 28-4).

[2] For example, in both *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985) and *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), the courts were looking at the propriety of sealing court records, proceedings, and trial transcripts. At this point in litigation, Defendant is not seeking to seal documents or court records; Defendant is seeking a protective order so that discovery between the parties may be conducted. As required by the proposed protective order and pursuant to Local Rule LCvR 79.1, parties must obtain leave to file anything under seal. (Dkt # 22-2, p. 13). Also inapplicable to the issuance of the proposed protective order, are cases Plaintiff cited to involving public openness of criminal trials; these are unrelated to the issue of discovery of trade secret or other confidential information in this product liability action. *E.g., Press-Enterprise Co., v. Superior Ct.*, 464 U.S. 501 (1984), *Globe Newspapers Co. v. Superior Ct.*, 457 U.S. 596 (1982), *U.S. v. Smith*, 787 F.2d 111 (3rd Cir. 1986).

public generally. . ." *Id*.  Despite Plaintiff's insistence, the public has no right to access discovery material, which is what the proposed protective order seeks to protect.

To establish good cause under Rule 26(c)(1)(H), Defendant must demonstrate that the information sought constitutes a trade secret, or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful.  *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).  Relying upon the Affidavit of Cedric Navarro, Vice President of Clinical/Regulatory Affairs and Quality for Advanced Bionics (Dkt. # 22-4), the Court finds that Defendant has met its burden.

In regards to the content of the protective order, Plaintiff urges that information should not be designated as "Confidential" if the only basis is to protect against "mere reputational damage." (Dkt. # 25, p. 10-11).  However, the United States Supreme Court has recognized it may be appropriate to protect a party's reputation and privacy from potential abuses of discovery.[3] *Seattle Times*, 467 U.S. at 34-35 ("There is an opportunity, therefore, for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy.").  As noted above, public dissemination of *discovery* material is distinguishable from the general presumption of public access to *trial* and court records.

The Court also finds that an "Attorneys' Eyes Only" provision is appropriate.  The danger of proprietary and highly confidential information being disclosed to and used by a competitor of Defendant entitles such information to heightened protection.  *See Covelo Clothing, Inc. v. Atlandia Imports, Inc*., 2007 WL 4287731, * 1 (D. Colo. Dec. 5, 2007)

---

[3] The Court shares Defendant's concern that Plaintiff's counsel may intend to release certain information if the proposed protective order is not in place, as evidenced by the law firm's website indicating that Defendant's company documents are "COMING SOON."  (Dkt. # 22, p. 14, n. 4).  The website is located at www.midsouthtriallawyer.com/cochlear/cochlear-implant-failure-information-resource (last accessed by the Court on July 18, 2012).

(unpublished) ("confidential information that may be used against the company by a direct competitor is generally afforded more protection").

Plaintiff has raised concerns regarding the potential misuse of Defendant's proposed protective order.  However, the protective order provides Plaintiff with a remedy to prevent and/or resolve any type of potential misuse.  As outlined in the protective order, the parties are required to attempt to resolve any objection to a designation, but if unable to do so, the objecting party may file a motion with the Court to resolve the dispute.  (Dkt. # 22-2, pp. 14-15).  The Court cautions Defendant to make all designations in good faith and not to over-designate discovery material.[4]   Should it become necessary for Plaintiff to challenge any designations, they will be strictly scrutinized according to Rule 26(c) and the protective order entered in this case.

The Court has substantively modified Defendant's proposed version[5] of this Court's template protective order as follows:

1) The additional types of information added to the definitions of "Confidential" have been removed.  (Dkt. # 22-2, p. 2).  There is a danger of interpreting such an extensive list too broadly.  Only information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure may be deemed "Confidential."[6]

---

[4] Plaintiff has argued that Defendant is being given "unfettered power" to designate material as it pleases. This is simply inaccurate.  Defendant is limited to designations as set forth in the protective order. Plaintiff's own proposed protective order essentially gives Defendant the same power of designation. Plaintiff also complains of the time and expense that will be needed to review and challenge the anticipated over-designations.  However, as Plaintiff has set out to great length (though without any evidentiary support), Plaintiff, or at least Plaintiff's counsel, is already aware of what documents have been allegedly over-designated in the past.

[5] Defendant submitted two proposed orders: the first, being modeled from protective orders entered in other jurisdictions involving the same types of claims; and the second, including the same/similar provisions, but modified from this Court's template.  (Dkt. ## 22-1, 22-2).  The Court is adopting a modified version of the second proposed order.  (Dkt # 22-2).

[6] It is recognized that many of the types of information Defendant sought to include may ultimately be deemed "Confidential."

2) The provision mandating that the designations of "Confidential" or "Attorneys' Eyes Only" remain intact when such material is used at a hearing or other pretrial proceeding has been removed. (Dkt. # 22-2, p. 14). The rules and procedures governing the use of such information shall be determined by the Court.

For these reasons, Defendant's Motion for Protective Order is GRANTED. The MODIFIED protective order will be entered separately.

**IT IS SO ORDERED** THIS 20TH DAY OF JULY, 2012.

_____
Paul J. Cleary
United States Magistrate Judge